**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRITZ GERALD TOUSSAINT, | |
| *Plaintiff*, | Civil Action No. 22-02447 |
| v. | **OPINION & ORDER** |
| MARTHA SANCHEZ, THOMAS DEGISE, & DEP. OF PROBATION, | |
| *Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1; D.E. 2.  For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** his Complaint as to Martha Sanchez in her official capacity and the Department of Probation with prejudice, and otherwise **DISMISSES** the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, D.E. 2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff seeks to bring claims against Martha Sanchez, Thomas Degise, and "Dep. of Probation" for violations of his federal constitutional rights, including the First Amendment, Equal Protection, "privileges immunities," and Due Process. D.E. 1. Plaintiff indicates that he brings Section 1983 claims against Defendants. *Id.* at 4. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff indicates that Sanchez "is an agent of the County of Hudson" and "a court services officer[.]" D.E. 1 at 4, 5. Degise has the title or job of "Executive, County of Hudson[.]" *Id.* at

3.   The Court assumes without deciding that Degise is a state actor for the sake of a Section1983 analysis.   It is not immediately clear whom Plaintiff seeks to sue insofar as he names "Dep. of Probation" as a defendant.   He does, however, indicate that that defendant's address is "595 Newark Av[sic] [illegible] Jersey City NJ 07306[.]"   *Id.*   The Court infers that Plaintiff means to name the Hudson County Probation Department.   If Plaintiff does intend to sue the Probation Department, the Eleventh Amendment and Section 1983 prohibit him.   *See Gonzalez v. Cape May County*, No. 12-0517, 2015 WL 1471814, *4 (D.N.J. Mar. 31, 2015) ("[I]nsofar as the 'County of Ocean Probation Department' is not part of the County of Ocean but is a division of the Superior Court of New Jersey, it is a state agency.   States and their agencies are immune from suit under § 1983, as they are not 'persons' under the statute.") (citing *Will v. Mich. State Police*, 491 U.S. 58, (1989)).   Unless Plaintiff clarifies that he does not mean to sue the probation department, the Court dismisses that defendant with prejudice.   *See Shepperson v. N.J. Dep't of Corr.*, No. 19-19305, 2020 WL 57888, at *2 (D.N.J. Jan. 6, 2020) (dismissing with prejudice *pro se* claim against New Jersey Department of Corrections because Congress did not override New Jersey's sovereign immunity by enacting Section 1983 and New Jersey has not waived it).

Further, to the extent that Sanchez is a state official by dint of her position as a court services officer, *see* D.E. 1 at 5, she likewise is immune from suit in her official capacity.   *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010); *see also Baquero v. Mendoza*, No. 18-cv-15081, 2019 WL 3712201, at *3 (D.N.J. Aug. 6, 2019) ("As judicial officers and employees of the state courts in New Jersey and Florida, Judges Birken, Mallozzi, Isenhour, Senior Probation Officer Christine Tardif, and Child Support Hearing Officer Konstantin Feldman are within the protection of the Eleventh Amendment.").   Sanchez, accordingly, is dismissed with prejudice in her official capacity.   *See Shepperson*, 2020 WL 57888, at *2 (dismissing with prejudice *pro se* claim against

state officials sued in their official capacities because "[t]he Eleventh Amendment also protects state officials sued in their official capacities from a suit for damages under § 1983 because such a suit is really a suit against the official's office, which is no different from a suit against a State.").

To the extent that Plaintiff sues Sanchez in her personal capacity and Degise, the First Amendment provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; Congress shall make no law abridging the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.  Plaintiff has not clearly alleged the infringement of any of those rights. Plaintiff merely asserts that he "never had a hearing[.]"  D.E. 1 at 6.  But it is unclear whether Plaintiff means that he has been deprived of his right to petition the Government or of some other right.  Plaintiff therefore fails to state a claim for a violation of the rights safeguarded by the First Amendment.

Plaintiff also invokes the Privileges and Immunities Clause, which provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."  U.S. Const. art. IV, § 2, cl. 1.  Plaintiff alleges that "Martha Sanchez are [sic] impeding Toussaint [illegible] of returning to the State of California the domicile he has been [illegible] from[.]"  D.E. 1 at 4-5.  "Article IV's Privileges and Immunities Clause has enjoyed a long association with the rights to travel and migrate interstate."  *Zobel v. Williams*, 457 U.S. 55, 78-79 (1982) (O'Connor, J., concurring).  One component of the right is that "of a citizen of one State to enter and to leave another State[.]"  *Saenz v. Roe*, 526 U.S. 489, 500 (1999).  Plaintiff does not

indicate how Sanchez has impeded his right to travel to California.  Because his claim is not plausibly pled, the Court dismisses it.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  To state an equal protection claim, a plaintiff must allege facts showing that (1) he was a member of a protected class; (2) he was similarly situated to members of an unprotected class; and (3) he was treated differently than the members of the unprotected class.  *Oliveira v. Twp. of Irvington*, 41 F. App'x. 555, 559 (3d Cir. 2005).  Plaintiff has not alleged any of these elements or plausible facts to support them.  Thus, Plaintiff fails to state a claim for a violation of his right to Equal Protection.

Finally, Plaintiff alleges that he deprived of due process of law.  The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV, § 1.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950) ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.").

Plaintiff appears to raise three grounds for his Due Process claim.  First, he complains that he was deprived of property and fined but "never had a hearing [and] didn't receive notice of the hearings."  D.E. 1 at 6.  Plaintiff, however, fails to indicate who deprived him of what property,

how much he was fined, by whom he was fined, for what he was fined, what type of hearing he was entitled to, which hearing did not receive notice of, or who was obligated to provide him such notice. Because Plaintiff's claims are entirely conclusory, the Court dismisses them as implausibly pled.

Second, he argues that a person who was not his attorney continued to represent him even though he fired her. *Id.* at 5. "Due process demands that a defendant be afforded an opportunity to obtain the assistance of counsel of his choice to prepare and carry out his defense." *United States v. Kikumura*, 974 F.2d 72, 78 (3d Cir. 1991). "Due process is satisfied so long as the accused is afforded a fair and reasonable opportunity to obtain his chosen counsel and there is no arbitrary action prohibiting the effective use of such counsel." *Id.* Again, Plaintiff fails to provide sufficient factual allegations to support his claim. Although he indicates that he fired a person who thereafter continued to act as his attorney, he does not specify when he fired her or the subsequent actions she engaged in on his behalf, or when she engaged in those actions. Accordingly, the Court dismisses this claim as well.

Finally, Plaintiff argues that his due-process rights were violated "because I was not advised of pre trial release until after the Judge released me[.]" D.E. 1 at 5. The Third Circuit has recognized that "[p]retrial release and detention decisions implicate a liberty interest—conditional pretrial liberty—that is entitled to procedural due process protections." *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018). Plaintiff again fails to substantiate his claim with plausible factual allegations—he does not indicate when he was eligible for pretrial release, when the Judge released him, or when he became aware that he had such a right. The Court dismisses this claim as well.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with

leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 15th day of May 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice** as to Martha Sanchez in her official capacity and the Department of Probation; and it is further

**ORDERED** that Plaintiff's Complaint is otherwise **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies noted above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.